**KENTUCKY BAR ASSOCIATION, CLE Commission, Movant,**

v.

**Benjamin Allen FLETCHER, Respondent.**

**No. 2006–SC–000936–KB.**

Supreme Court of Kentucky.

Feb. 22, 2007.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

On November 16, 2006, a Show Cause Order was entered for Respondent's non-compliance with the minimum annual continuing legal education requirements (MCLE) of SCR 3.661 for the 2005—2006 educational year. The CLE Commission of the Kentucky Bar Association now recommends that this Court find that Respondent, Benjamin Allen Fletcher, KBA No. 90254, has not shown cause why he should not be suspended from the practice of law or otherwise sanctioned pursuant to SCR 3.669(4) for such non-compliance.

From April—October 2006, the Kentucky Bar Association Continuing Legal Education Commission sent five written notices to Respondent's bar roster address concerning his MCLE requirement deficiency. None of these notices was returned to the KBA as undelivered. In addition, the Assistant CLE Director attempted to contact, either by telephone or e-mail, all members remaining in non-compliance prior to the September 10, 2006 deadline to apply for and complete a non-hardship time extension per SCR 3.667(2). However, Respondent's telephone (at his bar roster address in Louisville) had been disconnected and no further information was available. According to Respondent, he moved from Louisville to Munich, Germany sometime after August 2005. Respondent did not, however, change his bar roster address to the Germany address until September 29, 2006.

According to the CLE Commission, the ensuing Motion to Show Cause of November 7, 2006 and December 13, 2006 Motion to Enter Rule Absolute were mailed to Respondent's bar roster address in Germany, and were not returned to the KBA as undelivered. On December 21, 2006, Respondent filed a Motion for Enlargement of Time to File Response to Court's Order of November 16, 2006, in which he maintained that the first notice he received of the KBA's November 7,

2006 Show Cause Motion and the December 13, 2006 Motion was on December 19, 2006 when an acquaintance contacted him and sent him PDF copies of the documents. Respondent admitted he received the November 16, 2006 Show Cause Order sometime in late November or early December, but explained that because he was a relatively new member of the bar, did not realize the severity of the situation. In his Response to Court's Order of November 16, 2006 and KBA's Motion of December 13, 2006, Respondent stated that on the day he learned of the KBA's motions, he registered for online CLE programs through the KBA's website, and that he intended to obtain the remainder of his outstanding CLE credits when he traveled to Kentucky for the upcoming holidays. In his Response, Respondent also noted that actual notice of his deficiency and of the proceedings against him was possibly hindered by the fact that his street name on his bar roster address in Germany was misspelled, although he did not attribute any fault to the KBA for the typographical error and readily admitted it was his responsibility to see that the address was correct. In January 2007, Respondent supplemented his Response with documentation showing that he had obtained a total of 13.25 CLE credits, including 4.25 ethics credits, from December 19, 2006—January 1, 2007.

■ We find that Respondent has failed to show cause why he should not be suspended from the practice of law or otherwise sanctioned pursuant to SCR 3.669(4) for his non-compliance with the minimum CLE requirements of SCR 3.661 for the 2005—2006 educational year. Accordingly, it is hereby ORDERED as follows:

1) Respondent is ordered to pay a fine in the amount of three hundred dollars ($300), to be paid to the Kentucky Bar Association within twenty (20) days from the date of this Order.

2) The CLE Commission is to apply back credits from Respondent's 2006–2007 CLE record to the 2005–2006 educational year record in order to cure the existing deficiency.

3) Pursuant to SCR 3.667(2), Respondent shall not apply for a non-hardship extension for the educational years ending June 30, 2007 and June 30, 2008.

LAMBERT, C.J.; CUNNINGHAM, MCANULTY, and SCOTT, JJ., concur.

SCHRODER, J., concurs in part and dissents in part by separate opinion, with MINTON and NOBLE, JJ., joining that opinion.

SCHRODER, J., concurring in part and dissenting in part.

I concur as to the sanctioning of Respondent, but dissent as to the amount of the fine. I would order a fine in the amount of seven hundred and fifty dollars ($750), as recommended by the CLE Commission. MINTON and NOBLE, JJ., join this opinion, concurring in part and dissenting in part.